ED. H. FOLSOM *vs.* COUNTY OF CHISAGO.

October 4, 1881.

**Complaint in Action against County—"Duly Contracted" implies Compliance with Law.**—In an action to recover from a county the agreed price for the publication and printing in a newspaper the " delinquent tax-list" of the county, it is not necessary to specifically allege in the complaint that the newspaper in which the publication was made was of the quality and size required by Gen. St. 1878, *c.* 11, § 110. A general allegation that the county "duly contracted" with the plaintiff for the publication of the list in this newspaper, and that plaintiff duly and regularly printed and published said list according to law, is sufficient.

**Same—Averment as to Execution of Bond by Contractor.**—Neither is it necessary to allege specifically that the bond given to the county by the publisher was approved by the board of county commissioners. If any allegation on that subject is necessary, it is sufficient to allege that the plaintiff " duly executed and delivered to the defendant a bond as required by defendant, and in accordance with the laws of the state."

**Same—Averment that Tax-List was " duly printed and published."**—Neither is it necessary to allege that an affidavit of publication had been made and filed with the clerk of the district court, as required by Gen. St. 1878, *c.* 11, § 74. If the making and filing of such an affidavit is included in an agreement to print and publish a " delinquent tax-list," it is sufficiently covered by an allegation that the list was " duly printed and published according to law."

Appeal by defendant from an order of the district court for Chisago county, *Crosby, J.,* presiding, overruling a demurrer to the complaint.

*H. N. Setzer,* for appellant, cited *Ryan* v. *School-District No. 13,* 27 Minn. 433.

*Frank B. Dorothy,* for respondent.

MITCHELL, J.    This is an appeal from an order overruling defendant's demurrer to plaintiff's complaint.    The ground of demurrer was that the complaint did not state facts sufficient to constitute a cause of action.    The action was brought to recover of the county the contract price of printing and publishing, in the newspaper of the plaintiff, (a weekly newspaper published in Chisago county, known as the

Taylor's Falls Journal,) the "fiscal statement" and "delinquent tax-list" of the county, for the year 1879, in pursuance of a contract made between plaintiff and defendant, January 8, 1879.

The first objection urged against the complaint is that it does not allege that the newspaper in which the publication was made was a paper of the size, quality, etc., required by Gen. St. 1878, *c.* 11, § 110, nor that plaintiff was the lowest bidder. We are of opinion that this objection is not well taken. The existence of all these facts is presumed from and included in the allegation of the complaint that the defendants "duly contracted with and requested the plaintiff to publish and print the fiscal statement and delinquent tax-list for said defendant," and "that, in compliance with said agreement,  *   *   * plaintiff did  *   *   *  duly and regularly print and publish" said "fiscal statement" and "delinquent tax-list" for defendant, "according to law." *Webber* v. *Gottschalk*, 15 La. An. 376; *Wiley* v. *Board of Education*, 11 Minn. 268 (371.)

The next objection is that the complaint does not allege that the bond given by plaintiff to defendant was ever approved by the county board. The allegations of the complaint in that behalf are "that the plaintiff duly executed and delivered to the defendant bonds as required by defendant, and in accordance with the laws of this state." If any allegations on this subject were necessary at all, we think this was sufficient. It is, in substance, an allegation that the plaintiff duly executed and delivered to defendant bonds which complied with and conformed to all the requirements of the statute, and of defendants themselves. If so, the presumption and inference are that the bonds were both acceptable to and accepted by the defendants.

The only other objection made to the complaint is that it does not allege that the plaintiff ever made or filed with the clerk of the district court an affidavit of publication of the delinquent tax-list, as required by Gen. St. 1878, *c.* 11, § 74. The complaint does allege that, in compliance with his agreement, plaintiff "did duly and regularly print and publish the delinquent tax-list according to law." To the objection last mentioned it is sufficient answer to say that, if the making and filing of this affidavit of publication is a part of and included in the contract to print and publish a delinquent tax-list, it

is sufficiently covered by the allegation that it was duly printed and published according to law. On the other hand, if it constituted no part of such contract, no allegation on the subject was necessary.

Order affirmed.