MINNEAPOLIS MILL COMPANY *vs.* JOHN GOODNOW.

40 497
83 350

May 20, 1889.

**Contract—Mutuality of Agreements—Promise Implied.**—Plaintiff and defendant made a written agreement by which "the Minneapolis Mill Company agrees to saw for said John Goodnow, in its Jones Mill, so called, six million feet or more of pine logs, said sawing to be done in good workmanlike manner, and as shall be directed from time to time by said John Goodnow or his agent. Said John Goodnow agrees to pay said Minneapolis Mill Company for sawing, scaling, loading, and delivering at his piling-place," etc. Then follow provisions as to rates and manner of payments. There was no express promise by Goodnow to furnish the 6,000,000 feet of logs to be sawed. *Held*, such a promise is to be implied, so that there are mutuality of engagements. *Bailey* v. *Austrian*, 19 Minn. 465, (535,) and *Tarbox* v. *Gotzian*, 20 Minn. 122, (139,) distinguished.

Plaintiff brought this action in the district court for Hennepin county, to recover for the sawing of logs for defendant. In his answer the defendant pleaded a counterclaim for damages for breach by plaintiff of the contract stated in the opinion. At the trial before *Rea*, J., a verdict was directed for plaintiff. The defendant appeals from the judgment.

*T. E. Byrnes*, for appellant.

*Flannery & Cooke* and *H. G. O. Morrison*, for respondent.

GILFILLAN, C. J. This case is claimed by respondent to be analogous to the cases of *Bailey* v. *Austrian*, 19 Minn. 465, (535,) and *Tarbox* v. *Gotzian*, 20 Minn. 122, (139;) and probably the court below,
v.40m—32

in deciding the case, took the same view of it.   In those cases, as in this, there was no consideration to sustain the contracts unless there were mutual promises, and in each of those cases the court held that there were not mutual promises; that, while one party promised and undertook to do something, the other did not promise nor undertake to do anything.   In the *Bailey* case the defendant promised to supply plaintiffs all the Lake Superior pig iron *wanted* by them in their business between certain dates, at specified prices, and plaintiffs promised to purchase of defendant at said prices during said time all of said iron they might want in their business.   The court held that, as there was no absolute engagement on plaintiffs' part to " want " any iron, there was of course no absolute engagement to purchase, and consequently no " absolute mutuality of engagement."   The *Tarbox* case was in that particular similar to the other.   If upon a proper construction of the written agreement in this case it be found that the promises are all on one side; if plaintiff promises all that is promised, and defendant promises nothing, then the case is analogous to those we have cited, and must be governed by the decisions in them.   The agreement provides that "the Minneapolis Mill Company agrees to saw for said John Goodnow, in its Jones Mill, so called, during the summer of 1887, six million feet or more of pine logs; said sawing to be done in good and workmanlike manner, and as shall be directed from time to time by said John Goodnow or his agent.   Said John Goodnow agrees to pay said Minneapolis Mill Company for sawing, scaling, loading, and delivering at his piling-place," etc.   Then follow stipulations as to prices and times of payment, and other provisions not necessary here to mention.   There is this marked difference between this agreement and those in the cases referred to, that here there is a specified amount provided for, instead of leaving it, as in the *Bailey* case, to what the plaintiff " might want;" or, as in the *Tarbox* case, to what the defendant " should require."   There is in this agreement no express promise on the part of Goodnow to furnish, for plaintiff to saw, the 6,000,000 feet of logs which the plaintiff is to saw for him and as he shall direct.   But that is necessarily implied.   How could it saw the logs as he should direct, unless he should furnish them?

There can be little doubt that, as the parties understood this agreement when they executed it, Goodnow was thereby engaging to furnish the 6,000,000 feet of logs for plaintiff to saw, and plaintiff was engaging to saw them in the manner and at the prices specified. A third party would so understand it. This being so, the contract was valid.

Judgment reversed, and new trial ordered.