JAMES E. GLASS and another *vs.* ST. PAUL PARK CARRIAGE & SLEIGH COMPANY and others.

April 30, 1890.

Mechanic's Lien—Several Buildings on One Lot.—Where material is furnished under an entire contract for the erection of several buildings owned by the same person, and situated upon the same lot or tract of land, a lien attaches upon the whole, as an entirety, and for the gross value of the material so furnished. Following *Lax* v. *Peterson,* 42 Minn. 214, on this point.

Same—Complaint—Averments as to Making and Filing Lien Statement.—The only allegation in the complaint in regard to the making and filing of an affidavit for a lien was that, for the purpose of securing a lien upon the premises, plaintiffs duly made an account, in writing, of the items of material so sold, and of the value of the same, to which oath was duly made upon a certain day, and that the same, with a copy of the written contract under which the lumber was furnished, was duly filed and recorded, etc. *Held,* that in this respect the complaint was sufficient as against a motion to strike out all allegations relating to a lien on the ground that facts sufficient to entitle plaintiffs to such relief were not stated therein.

Appeal by plaintiffs from an order of the district court for Washington county, *McCluer*, J., presiding, striking out "that portion of the complaint having reference to the lien claimed therein."

*H. V. Rutherford*, for appellants.

*Walter Holcomb*, for respondents.

COLLINS, J.[1]  Plaintiffs in this action seek to obtain a judgment against the defendant first named on account of lumber and other building material sold and delivered, and to have said judgment declared a lien upon certain town lots, and the buildings thereon, for the construction of which, it is averred, the aforesaid building material was sold.  A motion to strike out of the complaint all allegations pertaining to the lien was granted upon the ground that, as set forth in the pleading, they did not constitute facts sufficient to entitle plaintiffs to a lien upon the premises; plaintiffs appealing. As will be noticed, the question is one of pleading, not of proof.

1. Among other allegations in reference to the lien claim, it is averred in the complaint that the lumber was furnished pursuant to a written, and the other material pursuant to a verbal, contract, between the parties, for the purpose of erecting a frame warehouse and a frame factory building upon a certain tract of land, less than one acre in extent, and particularly described as " lots numbered 5, 6, 7, 8, 9, and 10, in block 104," etc., and that all of said material was used in the construction of said buildings.  From the decision made below, which was filed prior to that of this court in *Lax* v. *Peterson*, 42 Minn. 214, (44 N. W. Rep. 3,) it is evident that the learned judge was of the opinion that the claim for the materials furnished by plaintiffs should have been separated, and that a lien for the gross amount of the debt could not be adjudged against the six lots and two buildings as an entirety.  In this view the court erred.  The several lots are alleged to be but one tract of land, that is, one " lot," within the meaning of the statute; and, where materials are furnished under an entire contract for the erection of several buildings owned by the same person, and situated upon the same lot or tract of land, a lien attaches upon the whole as an entirety, and for the gross value

[1] Mitchell, J., was absent, and took no part in this case.

of the material so furnished. *Lax* v. *Peterson, supra.* See, also, in addition to the cases there cited, *Bowman Lumber Co.* v. *Newton,* 72 Iowa, 90, (33 N. W. Rep. 377;) *Lyon* v. *Logan,* 68 Tex. 521, (5 S. W. Rep. 72.)

2. The respondents further insist that the complaint is fatally defective in respect to the affidavit for a lien, but this point does not seem to have been made in the court below. The allegation deemed insufficient was that, for the purpose of securing a lien on the premises, plaintiffs duly made an account in writing of the items of material so sold, and of the value of the same, to which oath was duly made upon a certain day, and that the same, with a copy of the written contract under which the lumber was furnished, was duly filed and recorded upon a day named in the office of the register of deeds for the county in which the premises were situated. Although the plaintiffs have not alleged the filing of an account for a lien formulated with regard to the provisions of Gen. St. 1878, *c.* 90, § 18, nor have they set forth the making and filing of an affidavit containing all that has been deemed upon trial as absolutely essential, the pleader has shown a compliance in all respects with the requirements of section 7 of said chapter 90. As against a motion to strike out upon the grounds herein mentioned, we are of the opinion that the pleading is sufficient under the decisions of this court in *Minn. & St. Louis Ry. Co.* v. *Morrison,* 23 Minn. 308; *Folsom* v. *County of Chisago,* 28 Minn. 324, (9 N. W. Rep. 881;) *Goetz* v. *School District,* 31 Minn. 164, (17 N. W. Rep. 276.)

Order reversed.