Thorpe Block Saving and Loan Association *v.* James *et al.*

---

No. 1,174.

THORPE BLOCK SAVING AND LOAN ASSOCIATION *v.* JAMES ET AL.

LIENS.—*Waiver of Priority.*—*Junior Mortgagee.*—*Mechanic's Lien.*— A junior mortgagee given priority for a certain sum by agreement of the first mortgagee waives such priority to the extent of the

liens by subsequently permitting mechanics' liens to be filed for work done under a contract made in the interval between the mortgages, and advancing the money on the junior mortgage without requiring satisfaction of the liens.

SAME.—*Priority of Liens.—Mortgage.—Mechanics' Liens Acquired Subsequently to Mortgage.—Statute Construed.*—That the security afforded by a mortgage on land is benefited by the erection of a building on the land does not make subsequently perfected mechanics' liens for material and labor furnished in the erection of such building superior thereto so far as the land is concerned, under R. S. 1894, section 7258, providing that mechanics' liens take priority only over other liens subsequently created, as no change in the law relative to the rights of mortgagees was effected by section 7256, save as to the buildings.

From the Marion Superior Court.

*V. Carter* and *W. T. Brown*, for appellant.

*J. Coburn, D. A. Myers, B. F. Watts, J. F. McCray, S. Ashby, W. N. Harding* and *A. R. Hovey*, for appellees.

GAVIN, J.—The appellees, James *et al.*, brought suit to foreclose a mechanic's lien. Appellant and others filed cross-complaints. The facts were found specially. Those essential to an understanding of the case in hand are as follows: On April 28, 1892, John and August Wacker sold and conveyed to Charles Conner a certain lot No. 93, for $350, of which $50 was paid cash, and for the residue notes were taken, secured by a mortgage on the lot, executed on the same day and duly recorded. By the terms of this mortgage it was made junior to a mortgage to be executed in favor of appellant for $600. On the Wacker mortgage there was unpaid $315.

On or prior to said April 28, Conners applied to and secured from appellant the promise of a loan of $600, to be used in building a house on the lot, and to be secured by a first mortgage on the lot.

On or prior to said April 28, Conners also made a con-

tract with John Bly to erect said house for $600, on condition of the purchase of the lot.

On May 28, 1892, Conners executed to appellant a mortgage on the lot for $600, which was likewise duly recorded, and on which was due $654. The proceeds of this loan were paid to the contractor, Bly, about July 20, 1892, who had then erected and completed the house. Of this sum Bly expended $303 in the construction of the house, and left unpaid to material men and others who had furnished material or done labor thereon various sums aggregating, with attorney's fees, $408, for which notices of mechanic's liens were duly filed.

The conclusions of the court were that appellant's lien was prior to that of the Wacker mortgage, and the mechanic's liens were superior to appellant's; that the property should be sold and the proceeds applied: (1) To the satisfaction of the mechanic's liens; (2) upon appellant's claim a sum equal to the whole amount due thereon, less that applied upon the mechanic's liens. Exceptions to the conclusions of law were duly saved and presented to this court. Judgment was rendered ordering sale and distribution of proceeds as follows:

1.    To payment of costs.

2.    To payment of mechanic's liens.

3.    To payment on the appellant's mortgage of the amount thereof, less the sum paid on the mechanic's liens.

4.    To payment of the Wacker mortgage.

5.    To payment of balance of appellant's mortgage, with the surplus over to the owner of the fee.

There are some facts bearing upon other points involved in the argument which we deem it needless to set out. Of these points we first dispose.

Complaint is made by appellant concerning $50 loaned by Coburn to Conner. Since this $50 was not, so far

as the finding shows, ever repaid to him it may be allowed to pass out of sight. So also with the $85 about which there seems to have been some controversy. According to the finding this sum was in no way involved in the matters with which this case deals.

The appellees' counsel argue that the mechanic's lien was superior to the Wacker mortgage, because the Wackers agreed that Conners should build a house on the lot, and they must therefore be deemed to have waived their lien. No such agreement appears in the finding, and it is to the finding alone that we can look for the facts upon which the conclusions must be based. We are not, therefore, called upon to determine whether the conclusion drawn by appellees' counsel would follow, even if their premise were well founded. The mere fact that their security was thereby benefited would not make the mechanic's liens superior to their mortgage. By the very terms of the statute, section 7258, R. S. 1894, the mechanic's lien takes priority only over other liens subsequently created. Section 7256 did not change the law relative to the rights of mortgagees save as to the buildings. Under numerous cases decided prior to its enactment, the rights of existing mortgages are superior to the claims of the mechanic's liens subsequently attaching. *Davis* v. *Elliott*, 7 Ind. App. 246, and cases cited.

Appellant's contention concedes that its mortgage is primarily junior to the mechanic's liens, but asserts that the Wacker mortgage being first in time is the first lien, and therefore entitled to share first in the funds, but that it is entitled to this money instead of the Wackers, because they have waived their right to it in its favor. Appellant further insists that by waiving its place in its favor, the Wacker mortgage has been relegated to the rear of the entire procession.

It is somewhat difficult to arrive at a result which seems logical in all its aspects. Leaving out of consideration the agreement in Wackers' mortgage as to the appellant's priority, the relative positions of the liens are quite plain : (1) The Wacker mortgage; (2) the mechanic's liens; (3) the appellant's mortgage.

By the agreement, however, a disturbing element is introduced to mar the simple harmony of their relations. By its terms the Wackers yield nothing to the mechanics, but they do bestow upon appellant the right to come in for $600 ahead of themselves.

Thus, then, it may be argued that the appellant is ahead of Wackers, the mechanics are ahead of appellant, therefore the mechanics are ahead of both Wackers and the appellant, or, to express it a little differently, the appellant is behind the mechanics, the Wackers are behind the appellant, therefore both are behind the mechanics. This proposition seems plausible, and was adopted by the trial court probably upon the authority of *Reilly* v. *Williams*, 47 Minn. 590.

On the other hand, however, it may be claimed : The Wackers have never yielded their place to the mechanic's, and are therefore ahead of them, and they being ahead of the appellant, the Wackers' mortgage must be placed ahead of both.

This latter position, like the former, is faulty in not paying due regard to the relative rights of all the parties derived from the fact that the Wackers waived their rights to a certain extent in favor of appellant, but yielded nothing to the mechanics.

The supreme court of Minnesota in the later case of *Malmgren* v. *Phinney*, 50 Minn. 457 (18 L. R A.. 753), receded from the position taken in *Reilly* v. *Williams*, holding it to be plausible, but unsound. This latter holding it followed in *Miller* v. *Stoddard*, 54 Minn. 486.

In *Phœnix Mut. Ins. Co.* v. *Batchen*, 6 Ill. App. 621, the course adopted in *Reilly* v. *Williams* is approved, the first being thereby made the last.

In *Spaulding* v. *Crane*, 46 Vt. 292, it was held that a release or waiver of a first mortgage in favor of a dower claimant did not inure to the benefit of an intermediate mortgagee whose rights were superior to the dower right, but that although waived in her favor they were enforceable against the intermediate mortgagee.

In *Raleigh Bank* v. *Moore*, 94 N. Car. 734, it was declared that under such circumstances the third mortgage, to whom the first had given a priority over it, was to be subrogated to the rights of the first mortgage, and should first receive from the fund the amount due thereon, being then postponed, as to the remainder due upon it, until after the satisfaction of the second mortgage.

As to the right of the appellant, as between it and the mechanic lien-holders, to first receive from the fund the amount due upon the Wacker mortgage, we are content to follow the case last cited and the later Minnesota cases, believing that thus the equities of the parties are best worked out. We are, however, unable to perceive any equitable grounds upon which the appellant can claim payment in full in preference to the Wacker mortgage after the creation of the mechanic's liens subsequent to the execution of the Wacker mortgage, but intermediate between the making of the agreement to yield in favor of appellant and the creation of appellant's lien.

The Wackers only agreed to give priority to the aplant for $600. If, after that arrangement, appellant suffered the creation of other liens which came in before its own, we can see no just ground for transferrnig the loss occasioned thereby to the Wackers. It was in

appellant's power to protect itself from the mechanic's liens by refusing to pay any money unless acquittances of all rights to file liens were executed. If it neglected to so do it should bear the loss rather than impose it upon some one who was entirely free from blame. A somewhat different question would be presented had the lien of the mechanics attached before the agreement of waiver was entered into, as was the case in *Raleigh Bank* v. *Moore* and *Malmgren* v. *Phinney*, *supra*.

Since the Wackers yielded precedence only to the amount of appellant's mortgage, and the appellant permitted the mechanics to take a place ahead of them, the Wacker mortgage must come in, whenever there has been applied on the mechanic's liens and the appellant's claim taken together, the amount for which Wackers gave precedence. The appellant cannot, therefore, be permitted to first take from the fund the full amount of the Wacker mortgage (because this, with the mechanic's liens, would exceed the amount entitled to preference over the Wacker mortgage), but only so much as will, when added to the mechanic's liens, equal the sum for which Wackers yielded their priority.

In our opinion, distribution of the proceeds of the property should, after payment of costs in the circuit court, be made as follows, the amounts being stated as of the date of the finding, accrued interest to be added by the trial court on rendering final judgment:

1. Upon appellant's claim, $245.64.
2. The mechanic's liens in full, $408.36.
3. To the Wackers their mortgage in full, $315.
4. The balance on appellant's claim, $408.36.
5. The surplus, if any, to the owner of the fee.

Thus it seems to us every legal and equitable right will be preserved and exact justice done to each of the parties.

No issue has been made nor claim advanced to give to the mechanics a superior lien upon the building only under section 7256, R. S. 1894. · We have not, therefore, considered their rights thereunder.

Judgment reversed, with instruction to the trial court to restate its conclusions of law in conformity with this opinion.

The costs of the appeal to be paid, one-half by the appellees, the mechanic lien-holders who recovered below, and one-half by the appellant.

NOTE.—The question of superiority as between mechanics' liens and earlier mortgages is considered in a note to *Wimberly* v. *Mayberry* (Ala.), 14 L. R. A. 305, reviewing the authorities in different States.