OTTO JOHNSON and Another v. FRANK I. SALTER and Others.[1]

November 19, 1897.

Nos. 10,670—(83).

**Mechanic's Lien — Buildings on Contiguous Lots — Separate Lien Statements.**

The defendant, as owner of three contiguous lots containing in all less than one acre, entered into a written contract with plaintiffs to furnish materials and erect for him two houses, one on each of two of the lots, for a gross sum for both, with the right at his election, which he exercised, of adding to the contract another house, to be erected on the third lot, at the same price pro rata as stipulated for the other two. All three of the houses were to be constructed of the same materials, and were to be completed within the same time. The plaintiffs erected the three houses pursuant to the contract. *Held*, construing G. S. 1894, § 6235, that it was not necessary, in order to perfect their lien, for the plaintiffs to file a separate lien upon each house, or to apportion the amount of their entire lien between the several houses, but that the balance due on the contract might be included in one lien statement, and a lien therefor claimed on all of the lots.

**Same—Omission of Claim against Buildings.**

The three lots were correctly described, and a lien claimed thereon in the lien statement filed, but it was not stated therein in express terms that a lien was claimed upon the buildings so erected upon the lots. *Held*, that the description was sufficient to include both the lots and buildings.

[1] Reported in 72 N. W. 974.

Appeal by defendant Salter from an order of the district court for St. Louis county, Moer, J., denying a motion for a new trial, after a trial before Morris, J. Affirmed.

*Francis W. Sullivan*, for appellant.

The general rule for determining whether a contract is entire or severable is well settled. Lucesco v. Brewer, 66 Pa. St. 351; Fullmer v. Poust, 155 Pa. St. 275; 2 Parsons, Cont. 517; Norris v. Harris, 15 Cal. 226; Barnard v. McLeod (Mich.) 72 N. W. 24. Where the contract consists of several distinct and independent parts, each of which could be performed without reference to the other, the contract is not entire but severable. Rugg v. Moore, 110 Pa. St. 236, 241; Indiana v. Koons, 105 Ind. 507; Higham v. Harris, 108 Ind. 246; Johnson v. Johnson, 3 B. & P. 162. The rights of the parties under the two contracts were entirely distinct. Potsdamer v. Kruse, 57 Minn. 193; Spear v. Snider, 29 Minn. 463; McGrath v. Cannon, 55 Minn. 457.

Separate claims of lien must be filed against each separate piece of property or under each separate contract; and the filing of an entire lien, under separate contracts, is fatal to the validity of the lien. Phillips, Mech. Liens, §§ 369 (a), 375; Landers v. Dexter, 106 Mass. 531; Fitzgerald v. Thomas, 61 Mo. 499; Blanchard v. Fried, 162 Ill. 462; Culver v. Elwell, 73 Ill. 536; Wooten v. Walters, 110 N. C. 251; Larkins v. Blakeman, 42 Conn. 292; Chapin v. Persse, 30 Conn. 461. G. S. 1894, § 6235, has not changed the general rule as to the necessity of filing separate lien statements for each separate contract. The words "one general contract" cannot well be construed as meaning anything other than "one entire contract," as such contracts have been construed and defined by this court. Menzel v. Tubbs, 51 Minn. 364, 369; Knauft v. Miller, 45 Minn. 61. In every case when a claim for an entire lien upon contiguous lots, for the whole sum due, has been sustained the decision has been expressly based upon the ground that the labor and material were furnished under an entire contract. Lax v. Peterson, 42 Minn. 214; Glass v. St. Paul, 43 Minn. 228; Reilly v. Williams, 47 Minn. 590; Miller v. Shepard, 50 Minn. 268; Menzel v. Tubbs, supra.

The lien statute of Washington is very similar to our own. That

statute has been construed upon this point, and a lien claim similar to the one in the case at bar has been held fatally defective because it did not claim a lien upon the building for which the work and material were furnished. Warren v. Quade, 3 Wash. St. 750.

*Eckman & Stevenson,* for respondents.

Courts have not always used the words "entire contract" in the same meaning. Frankoviz v. Smith, 34 Minn. 403; State v. Norwegian, 45 Minn. 254. In St. Paul v. Stout, 45 Minn. 327, which was brought to enforce a lien for the price of 108,000 brick, 95,000 delivered in July under a contract at an agreed price of $5.75 per thousand, and 8,500 brick delivered in September upon another order, the price charged being $6.00 per thousand, the court held that one lien was sufficient. Scott v. Eastern, 12 M. & W. 33. The courts in Minnesota and elsewhere use the words "entire" and "entire contracts" differently in different cases. A contract may be entire for one purpose and not for another. Lewis v. Welch, 57 Minn. 193.

The decisions in Frankoviz v. Smith, supra, St. Paul v. Stout, supra, Glass v. St. Paul, 43 Minn. 228, State v. Norwegian, supra, are inconsistent with the construction that the words "entire contract" as used in Potsdamer v. Kruse, 57 Minn. 193, and McGrath v. Cannon, 45 Minn. 457, and the words "one general contract" as used in G. S. 1894, § 6235, mean the same thing. In Reilly v. Williams, 47 Minn. 590; Miller v. Shepard, 50 Minn. 268; Menzel v. Tubbs, 51 Minn. 364, decided since the enactment of the law of 1889, the lien was held to attach to all the lots as one tract of land, and these cases were so decided upon the same ground as were the cases decided before the present law. The contract at bar is one contract and "one general contract," and for the purpose of establishing a lien it is an entire contract. State v. Norwegian, supra; St. Paul v. Stout, supra; Frankoviz v. Smith, supra; Glass v. St. Paul, supra.

To the effect that the description of the property in the lien is sufficient respondents cite G. S. 1894, § 6237; Russell v. Hayden, 40 Minn. 88; Nystrom v. London, 47 Minn. 31; Tulloch v. Rogers, 52 Minn. 114; Bassett v. Menage, 52 Minn. 121.

START, C. J.

This action was brought to recover from the defendant Salter the balance due to the plaintiffs for the erection of three frame buildings, and to have the amount thereof decreed to be a lien upon the three lots upon which the houses were erected.

Findings of fact and conclusions of law were made, whereby judgment was ordered for the plaintiffs, decreeing the entire amount claimed to be a lien as prayed. The defendant Salter appealed from an order denying his motion for a new trial. The trial court found: That the defendant Salter was and is the owner of lots 356, 358, and 360 in block 111 Duluth Proper, which are contiguous and contain less than one acre in area. That on September 20, 1895, the parties entered into a written contract whereby the plaintiffs agreed to furnish all labor and materials and erect for the defendant two houses, one on lot 358 and one on lot 360, for the agreed price of $1,641 for the two. That by the same contract the plaintiffs also agreed to build an additional or third house on lot 356, for the same price pro rata as stipulated for the first two houses named, if the defendant should so elect within thirty days from the date of the contract. By the terms of the contract he reserved the right to add this third house to the contract. That on October 10, 1895, pursuant to the terms of the contract, the defendant notified the plaintiffs to build the third house on lot 356, and between September 20, 1895, and December 3, 1895, the plaintiffs built the three houses on the three lots respectively, according to the terms of the contract. The first item for the erection of the two houses first named in the contract was furnished September 21, 1895, and for the third house October 10, 1895. That on February 7, 1896, the plaintiffs filed in the office of the register of deeds a lien statement, which was duly recorded, claiming a lien upon all three of the lots for a balance of $1,436 due for labor and materials and extras furnished for the erection of the three houses pursuant to the contract.

The defendant assigns as error the receiving in evidence the lien statement and the record thereof, the finding that the three houses were erected under one contract, and the conclusion of law to the effect that the unpaid balance was a lien on the premises. The principal question raised by these assignments of error is whether the

three houses were erected under "one general contract," as that term is used in G. S. 1894, § 6235, which provides, in effect, that whenever any contractor furnishes labor and materials and erects two or more buildings on contiguous lots pursuant to the purposes of one general contract with the owner, it is not necessary to file a separate statement upon each building nor to apportion the amount of the entire lien between the several buildings. The three houses were all built under one contract. The contract was absolute as to the first two houses and the contract price was fixed at $1,641. Upon the margin of the contract, and as a part of it, were written these words:

"The right of the owner is reserved to add to the contract house number 3, at the same price pro rata as herein stipulated for the two, any time within thirty days from above date."

The owner, the defendant Salter, by his architect orally notified the plaintiffs to build the third house within the time limited, and they proceeded to do so, as already stated. There was no other contract as to house 3.

The evidence fully sustains the finding of the trial court that all three houses were built under one contract. The only difference in the terms of the contract as to the several houses was that as to the first two the contract was absolute, and as to the last one conditional,—that is, it was not to be erected unless the defendant elected to have it added to the contract; when he so elected, the contract was absolute as to all of the houses, and its terms applied equally to all. The defendant however claims that, conceding there was but one contract, it was not an entire and indivisible contract. It may be conceded, without so deciding, that the contract was not entire, in the sense that a failure to perform it in its entirety—for example, by failing to build one of the houses—would defeat a recovery for the other two, less any damages the defendant might sustain by failure to fully perform the contract; or, in other words, it may be conceded that the consideration for the performance of this contract was divisible. But this is not the test for determining whether the work and materials were performed and furnished "pursuant to the purposes of one general contract," as the words are used in the statute.

Where a row of houses is to be built pursuant to one contract upon contiguous lots and of the same materials, and the work upon all is to be carried forward and completed within the same time, it might be impracticable for the contractor to keep a separate account of the materials and labor for each house, and file a separate lien for each. This statute was intended to relieve him from the necessity of doing so. To limit the operation of the statute by construction, and substitute therein the words "one entire contract" for "one general contract," would defeat the very object of the statute. The purpose of the contract in question was to secure the building of a row of three houses of uniform material, style, and price, all to be erected and completed within the same time, upon one contiguous tract of land. The contract was general; that is, it related to and included all of the houses. The plaintiffs constructed the three houses pursuant to the purposes of this one general contract, and they were not bound to apportion the amount of their lien between the several houses and file a separate lien upon each.

The defendant claims that this conclusion is contrary to the decision of this court in the cases of Reilly v. Williams, 47 Minn. 590, 50 N. W. 826, Miller v. Shepard, 50 Minn. 268, 52 N. W. 894, and Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017.

In the first-named case the contract provided for the erection of two houses of the same plan, and of equal value in labor and materials, upon each of two contiguous lots, for the sum of $6,580 for both. The contractor completed the contract, and, after being paid more than one-half of the contract price, released one of the lots; and it was held that he might file and enforce his lien for the balance due on the remaining lot, there being no third parties to be prejudiced by the release of the other lot. There is nothing in the opinion indicating that the words "general contract," as used in the statute, are the equivalent of an entire and indivisible contract.

In the second case relied on, the section of the statute in question was neither involved nor referred to.

The last case (Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017) held that two owners in severalty of contiguous lots may by their acts connect them so as to constitute one lot, within the meaning of the lien law, as where they join in the construction of a single

building on both lots. The opinion refers to G. S. 1894, § 6235, for the purpose of showing that there was nothing in the statute conflicting with the conclusion reached by the court. The language used in this connection is this, page 369:

"The section is treating of the case of two or more buildings united together, or of separate buildings on the same or contiguous lots, and the word 'general' is used with reference to such two or more or separate buildings; so that to support a claim of lien upon all of them the contract must be entire, so as to include them all, in order to connect them and make them one for the purpose of liens."

This language affords no support to the claim of the defendant that the words "general contract," as used in the statute, mean an entire and indivisible contract as to its consideration. On the contrary, it is strictly in harmony with the conclusion reached in this case. See, also, Glass v. St. Paul, 43 Minn. 228, 45 N. W. 150. The contract must be entire, in that it includes all of the buildings and provides for the erection of all of them, or some portions of all of them, pursuant to the purposes of the one general contract.

The further claim is made by the defendant that the description of the property upon which a lien was claimed in the lien statement was insufficient. The lots were correctly described upon which the statement showed the houses were erected, and a lien claimed thereon; but it was not stated in express terms that a lien was claimed on the buildings erected upon the lots. The buildings were erected upon the lots for the owner thereof, the defendant, and as to him they became a part of the lots, and a claim of a lien upon the lots included the buildings.

Order affirmed.