# ROTZIEN-FURBER LUMBER COMPANY v. ERIC FRANSON and Another.[1]

## October 3, 1913.

## Nos. 18,176—(229).

**Sale — contract valid.**

1. Contract for sale of lumber sustained as against an objection for want of mutuality, though there was no express undertaking on the part of the seller to sell, such undertaking being sufficiently implied from the express terms.

**Complaint sufficient.**

2. Complaint in action for breach of contracts for sale of lumber *held* sufficient as against an objection to the introduction of evidence thereunder.

**Findings sustained by evidence.**

3. Evidence *held* sufficient to sustain the jury's finding as to amount of lumber covered by the contract declared on, and also their finding that defendant had failed to deliver it as agreed.

**Reservation of material — pleading and proof.**

4. Where a contract for the sale of all the lumber in a certain lumber yard gave the seller the privilege of reserving an indefinite amount of lumber for use in the erection of a certain building, it was incumbent upon the seller, when sued for failure to deliver as agreed, to plead and prove the facts necessary to a reduction of liability in consequence of the exercise of the privilege so reserved.

**Breach of contract — proof.**

5. Complaint and evidence in action based upon breach of a contract for the sale of lumber by failure to deliver as agreed, *held* sufficient to sustain a recovery, as for money had and received, of advance payments made by the plaintiff.

**Charge to jury.**

6. Instruction as to the plaintiff's right to such a recovery under the evidence, sustained as against a contention that it was ambiguous and misleading.

**Assignments of error.**

7. Other assignments of error considered and *held* to present no reversible error.

[1] Reported in 143 N. W. 253.

Action in the district court for Hennepin county to recover $4,-777.03 for breach of contract to deliver lumber. The case was tried before Jelley, J., who denied defendants' motion to dismiss the action and their motions to direct a verdict in their favor, and a jury which returned a verdict upon the first cause of action of $2,777, less the sum of $911.59 damages allowed plaintiff for breach of contract, leaving to defendants the sum of $1,865.41. Upon the second cause of action it returned a verdict of $5,000, and interest, less the sum of $344.34 and less the sum of $1,865.41 found to be due defendants under the first cause of action, leaving due plaintiff the sum of $3,330.31. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, as to each of the causes of action, they appealed. Affirmed.

*R. L. Penney* and *A. B. Jackson,* for appellant.

*George S. Grimes* and *Gordon Grimes,* for respondent.

PHILIP E. BROWN, J.

Appeal by defendants from an order denying their alternative motion for judgment or a new trial after verdict for plaintiff.

Two causes of action are declared, predicated respectively upon failure to deliver lumber under two separate written contracts of sale, copies of which were incorporated in the complaint, and a recovery was had on each.

The contract involved in the first cause of action bears date November 29, 1909, was executed by both parties, and provides that the purchaser agrees to buy all pine and spruce lumber "now in the yards at Ericsburg, Minnesota, delivered on the cars at the last mentioned place, at the price of twenty ($20) dollars per one thousand feet, in rough, and graded as follows, to-wit: No. 2 and better * * * The party of the first part agrees to resaw all the two-inch lumber as ordered, and to plane all the lumber as directed by the second party. It is further mutually agreed that the price for resawing and planing the lumber shall be in accordance with the current price at Minneapolis. The party of the first part also has the privilege to take out the order for the school house to be built at Ericsburg this winter."

The contract constituting the foundation of the second cause of action bears date January 4, 1910, and is conditioned for the sale and delivery by defendants, as first parties, to plaintiff, of all the No. 2 and better pine and spruce lumber cut by the first parties at their mill in Ericsburg during the season of 1910, to run at least 60 per cent No. 1 and better, and 40 per cent No. 2, the "lumber to be graded and scaled by a competent lumber scaler and grader, to be furnished by and at the expense of the Rotzien-Furber Lumber Company; and that said scaling and grading shall be made at the time of the sawing and shipping of said lumber; and duplicate scale and grade sheets to be delivered to first parties at their mill office. All of said lumber to be sawed according to the written instructions" of plaintiff "as far as [practicable] * * * Parties of the first part, further agree to resaw all the two-inch lumber as ordered, and to plane all the lumber as directed in writing by the second party from time to time," at the current Minneapolis price for resawing and planing. The plaintiff agreed to pay defendants $1,000 on execution of the contract, and $4,000 in instalments prior to April 2, 1910, one-half of such sum to apply at the time of the first shipment of lumber cut during the season of 1910, the remainder "when the sawing season is closed or on or about the 1st day of October, 1910." Defendants reserved the privilege "of taking out 100,000 feet of No. 2 and better, log run, for their own yards or private use." The contract further provides that defendants should cut and saw and have ready for scaling and grading and shipping, all of the lumber as soon as practicable and without unreasonable delay.

1. The contract set out in the first cause of action contains no express undertaking on the part of the seller to sell, wherefore it is contended that it is unilateral and unenforcible under the doctrine of Bailey v. Austrian, 19 Minn. 465 (535) followed in Tarbox v. Gotzian, 20 Minn. 122 (139), and Stensgaard v. Smith, 43 Minn. 11, 44 N. W. 669, 19 Am. St. 205; while plaintiff contends that Minneapolis Mill Co. v. Goodnow, 40 Minn. 497, 42 N. W. 356, 4 L.R.A. 202, is controlling to the contrary. The principle determinative of the question thus raised, stated in general terms, is that, if from the terms of the contract mutuality of engagement is necessarily implied, a

binding obligation is created thereby. Minneapolis Mill Co. v. Goodnow, supra. More specifically, as applied to the facts of this case, we find no better statement of the test to be applied than in Hoffman v. Maffioli, 104 Wis. 630, 637, 80 N. W. 1032, 1035, 47 L.R.A. 427, the rule there announced being deduced from our case last above cited, together with other authority, and being as follows:

"Whenever the accepted proposition or contract is for the sale or delivery of a specific article or number of articles, or a specific amount of service or materials, or where, by the terms of the contract, the number of such articles, or the amount of such service or materials, is ascertainable, a promise of the other party may be implied, though not expressed in the contract, and hence the engagements are mutual."

The contract under consideration obviously comes within this rule, and Minneapolis Mill Co. v. Goodnow, supra, controls.

2. The complaint alleged failure, neglect, and refusal to deliver the quantity of lumber specified in the first contract, the deficiency, and value exceeding the contract price. The second cause of action alleged payment to defendants of the $5,000 specified in the contract declared on, neglect and refusal to deliver the lumber called for thereby, except to the amount of $344.34, the resulting deficiency, and value exceeding the contract price. The complaint admitted delivery of lumber under the first contract of the agreed price of $2,488.35, and a total recovery was sought as for a balance due plaintiff in the sum of $4,777.

At the commencement of the trial, defendants, in addition to the claim of lack of mutuality already disposed of, objected to the introduction of any evidence under the first cause of action, because it contained no allegation of demand and none of breach. The same objection was made to the second cause of action, and also that there was no allegation concerning any cutting of timber by defendants, or that plaintiff scaled or graded the lumber specified. These objections were overruled, and error is assigned thereon.

The question presented is not whether the complaint is technically well framed, but whether it is sufficient as against the objections interposed at the trial. The right thus to question the pleading un-

doubtedly exists; but where a complaint is thus assailed every reasonable intendment is indulged in its favor, and it will be sustained if it contains the essential facts by inference. Even conclusions of law may be resorted to and held sufficient if the necessary facts may reasonably be inferred therefrom. Moreover, a complaint may thus be sustained, though it might have been held insufficient on demurrer. Dunnell, Minn. Pl. §§ 742, 761; Seibert v. Minneapolis & St. L. Ry. Co. 58 Minn. 39, 51, 59 N. W. 822, 826. We find no error here.

3. Defendants contend that the proof was insufficient to establish either the quantity of lumber included in the first contract or its breach. We hold otherwise. The jury were warranted, we think, in finding the amount of lumber in defendants' yard at Ericsburg when the contract was executed, and likewise that defendants had failed to deliver it as agreed. If it be conceded·that the evidence is insufficient to establish the quantity of lumber used in the Ericsburg schoolhouse defendants are in no position to question the verdict on that ground. The reservation of the lumber for the erection of this building was a mere privilege for the benefit of defendants, and while a negative fact must be proved when it is an essential, it is not necessary that plaintiff negative possible defenses or establish matters which would more properly come from the other side. Jones v. Ewing, 22 Minn. 157. If defendants desired to reduce liability in consequence of the exercise of the privilege referred to, they should have pleaded and proved the facts. Necessarily the truth of the matter was peculiarly within their knowledge.

4. Recovery cannot be sustained under the second cause of action, unless a breach of the contract was established. The court charged that damages could not be recovered because of its breach, but that if the jury found that defendants received the $5,000 advance payment —it was undisputed that they did receive it—and a breach of the contract had been shown, plaintiff was entitled to recover such sum, less the amount found due defendants for lumber delivered under both contracts, as for money had and received. Error is assigned upon this instruction because of the insufficiency of both complaint and evidence to sustain it. It is also claimed that the court virtually

advised the jury that no breach of the contract had occurred, and yet that such must be shown to entitle plaintiff to recover its money. We think it is clear that the court simply told the jury that no recovery of the difference between the contract price and the market value at the time of failure to deliver could be had. If ambiguity there was, it was incumbent upon defendants to call the court's attention to it. We are unable to conclude that the jury were misled by the form of the instruction.

The complaint was sufficient to warrant a recovery as for money had and received. Proctor v. C. E. Stevens Land Co. 94 Minn. 181, 102 N. W. 395; Todd v. Bettingen, 109 Minn. 493, 124 N. W. 443; 2 Dunnell, Minn. Dig. § 6129. The serious question on this branch of the case is as to the sufficiency of the evidence to establish a breach. The broad fact stands out, however, that defendants received the advance payment and have never delivered lumber therefor. Taking the record as a whole it sufficiently appears that it was understood between the parties that defendants would be unable to fulfil the contract, and that at best plaintiff would receive only a part of the lumber paid for by the advance payment. Furthermore, it appears that defendants unreasonably delayed performance and induced the belief on plaintiff's part that they would be unable to go on with their obligation. No ground exists for permitting defendants to retain plaintiff's money, in the absence of bona fide effort on their part to perform, and the settled principles underlying the doctrine of recovery for money had and received apply. The failure of the record to disclose the details of the transactions between the parties with greater certainty, is largely attributable to defendants' failure to produce their books for use on the trial.

We find no prejudice to defendants in the court's action in permitting the jury to allow defendants a credit for the lumber actually delivered under the first contract.

As to other assignments of error presented, it is sufficient to say that they have been considered and that we find no reversible error.

Order affirmed.