## JOSEPHINE HINCHLIFFE v. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

### April 11, 1919.

### No. 21,138.

**Mutual benefit — action on certificate — burden of proof.**

1. In an action on a death benefit certificate in a beneficiary associa-
tion, the production of the certificate and of proof of death makes a
prima facie case and casts upon the defendant the burden of proving
lapse of membership.

**Pleading — answer — objection during trial.**

2. As against objection made after the trial is well advanced an
answer will be sustained if by any reasonable intendment the facts
necessary to constitute a defense may be inferred. Greater liberality
will then be indulged than in the case of demurrer before trial. An
allegation that an assessment was "duly levied" *held* sufficient against
an objection raised on the trial.

**Mutual benefit — reinstatement of member.**

3. A provision of the contract that the member, if suspended for
nonpayment of an assessment, may be reinstated on payment of the
delinquent assessment, subject to the approval of the board of directors,
does not give the association the right to arbitrarily refuse reinstate-
ment. It must act reasonably and with fairness to the insured.

Action in the district court for Hennepin county to recover $478 death
benefit in defendant association. The pleadings and facts are given in
the opinion. The case was tried before Molyneaux, J., who when plain-
tiff rested denied defendant's motion to dismiss the action and at the
close of the testimony defendant's motion for a directed verdict, and
granted plaintiff's motion for a directed verdict for $436. From an
order denying its motion for judgment notwithstanding the verdict or
for a new trial, defendant appealed. Reversed and new trial granted.

[1]Reported in 171 N. W. 776.

*Rieke & Hamrum,* for appellant.
*Kerr, Fowler, Schmitt & Furber,* for respondent.

HALLAM, J.

This is an action to recover death benefits. The pleadings were very informal. The complaint alleged that defendant is a mutual insurance association, that plaintiff's husband was a member of the association in good standing, and that he died of disease November 4, 1916. It then alleged that several years before his death defendant agreed with deceased that in case of his death it would pay to plaintiff the sum of $400. No beneficiary certificate was pleaded. No consideration for the promise was alleged.

Defendant answered, alleging that all funds of the defendant are raised by the proper authorities assessing the members, and that long prior to his death deceased "permitted his insurance to lapse by reason of his failure, refusal and neglect to pay the assessments duly levied against him, and that by reason thereof his membership lapsed, and all his insurance in said association became null, void and of no effect."

The reply alleged that deceased paid all dues and assessments required by his contract and that long prior to his death defendant refused to accept or receive any other or further payments from him.

With the pleadings in this condition the parties went to trial. On objection that the complaint was insufficient, the court allowed plaintiff to amend so as to allege a consideration for defendant's promise.

Plaintiff then called A. J. Alwin, defendant's secretary. He testified without objection and for the most part in answer to questions asked by plaintiff's counsel that a beneficiary certificate was issued to deceased, and the certificate was produced and put in evidence; that Hinchliffe died November 4, 1916; that defendant's assessments were numbered serially; that deceased had paid the assessments up to number 41; that number 41 "matured" December 15, 1915, and was paid December 13, 1915, and that payment of that assessment "carried the deceased" to March 15, 1916; that in November, 1915, "assessment 42 was levied;" that number 42 matured March 15, 1916; that deceased paid it but not

prior to the date of maturity; that on April 4 defendant returned the amount with this letter:

"At the board meeting on Saturday, April 1st, your membership in our Association was discussed and it was the consensus of opinion that in the light of recent experience on account of your indemnity claim, and the trouble you threatened to make to the Association by way of law suit, etc., you had ceased to be a desirable member and that your membership should be allowed to remain lapsed with the close of assessment period No. 42. In accordance with this, the writer is directed to return to you your last remittance, personal check 491, amount $6.00, and you will find it enclosed herewith."

Defendant's counsel then called Alwin as defendant's witness and offered to prove that defendant was an assessment organization, that assessment number 42 was duly levied by the proper authorities, and that it was not paid by deceased. The court sustained objection to this offer, holding that these facts were not pleaded, and ruled that the answer pleaded no defense to the death claim, except a denial of the death of Hinchliffe, and at the conclusion of the case directed a verdict for plaintiff. Defendant appeals.

1. The production of the certificate and proof of death made a prima facie case for plaintiff. In the absence of proof to the contrary it will be presumed that deceased continued in good standing until his death. The burden rested on defendant to plead and prove that an assessment was duly levied by the proper authorities and that the assessment was not paid. Scheufler v. Grand Lodge A. O. U. W. 45 Minn. 256, 258, 47 N. W. 799; Chambers v. Northwestern Mut. Life Ins. Co. 64 Minn. 495, 497, 67 N. W. 367, 58 Am. St. 549.

2. It is not necessary to determine whether the answer would have been good against a demurrer interposed before trial. Greater liberality will be indulged when objection is not made until the trial is well advanced and after much of the evidence of doubtful admissibility has been received without objection. The pleading will then be sustained, if by any reasonable intendment the facts necessary to constitute a defense may be inferred. Commonwealth Title Ins. & Trust Co. v. Dokko, 71 Minn. 533, 74 N. W. 891; Brown v. Fitcher, 91 Minn. 41, 97 N. W. 416. Even an allegation of conclusion of law will then be held suffi-

cient, if the necessary facts may reasonably be inferred therefrom. Rotzien-Furber Lumber Co. v. Franson, 123 Minn. 122, 126, 143 N. W. 253. Defects which do not mislead, and do not affect the substantial rights of the opposing party, will be disregarded. G. S. 1913, § 7789; Dechter v. National Council K. & L. of S. 130 Minn. 329, 153 N. W. 742, Ann. Cas. 1917C, 142.

We are of the opinion that the answer should have been held sufficient to admit the proof offered. In view of the evidence introduced by plaintiff there was little left for defendant to prove. If it could be necessary for defendant to offer more detailed proof that assessment number 42 was regularly levied, the allegation that it had been "duly levied" should at that stage of the case have been held sufficient to admit such proof. See Minneapolis & St. L. Ry. Co. v. Morrison, 23 Minn. 308; Folsom v. County of Chisago, 28 Minn. 324, 9 N. W. 881; State v. Ames, 31 Minn. 440, 444, 18 N. W. 277.

Because of the ruling of the court defendant has not had a trial on the merits. It should have been accorded this right and a new trial should be granted.

3. For purposes of a new trial we deem it proper to say that in our opinion the certificate did not give defendant the right to arbitrarily refuse reinstatement of deceased, after suspension for nonpayment of the assessment. The certificate gave deceased the right to reinstatement on payment of the delinquent assessment, subject to the approval of the board of directors. But deceased had contract rights which the board of directors could not arbitrarily take or withhold from him. Defendant was obliged to act reasonably and with fairness to the insured. Leonard v. Prudential Ins. Co. 128 Wis. 348, 107 N. W. 646, 116 Am. St. 50; Miesell v. Globe Mutual Life Ins. Co. 76 N. Y. 115; Lane v. Insurance Co. 142 N. C. 55, 54 S. E. 854, 115 Am. St. 729; Van Houten v. Pine, 38 N. J. Eq. 72.

Order reversed and new trial granted.