## A. A. PEYTON v. ABB. PEYTON, *et al.*

JUSTICE, *Certifying Case to District Court; Order Not Final.*    An order of a justice of the peace certifying a case to the district court of his county for trial, upon the ground that the pleadings show that the title to land is in dispute, is not a final order, within the meaning of the code, subject to review upon petition in error.

*Error from Lyon District Court.*

ON October 23, 1884, *A. A. Peyton* filed the following complaint against *Abb. Peyton, Emma Peyton* and *E. B. Peyton,* (names of attorneys and verification omitted,) before a justice of the peace of Lyon county:

"The plaintiff complains of the defendants, and for her cause of action herein says: That she is the legal and equitable owner of the following-described real property in Lyon county, to wit, lot number 53, on Market street, in the city of Emporia, and the dwelling-house thereon; that this plaintiff has been such owner, and as such owner has been in the actual possession of the same, from the — day of ——, 188–, up to the — day of September, 1884; that on said last-named day the defendants, without any right or authority whatever, and

without the knowledge or consent of this plaintiff, forcibly and with force and arms broke into and entered said above-described property, except the south room of said dwelling house; and ever since have continued to and now do by violence and force hold and keep possession of the same, and by violence and force keep this plaintiff out of the possession of the same, to her damage in the sum of one hundred dollars; that more than three days prior to the commencement of this action this plaintiff caused to be served upon each of defendants a written notice to quit.

"Wherefore, plaintiff demands judgment against defendants, that she have restitution of said property, and that she recover of them the sum of one hundred dollars, her damages herein sustained, and for costs of suit."

The answers of the defendants alleged that E. B. Peyton, one of the defendants, was the legal and equitable owner of the property by virtue of a tax deed, a copy of which was attached to the answer, and that the other defendants were tenants of E. B. Peyton and held under him. The answer also, by general denial, traversed the fact of plaintiff's ownership and possession and defendants' unlawful and forcible entry and detainer. Upon the pleadings, the justice of the peace refused to hear the case, and certified the same to the district court upon the theory that the title to the real estate, the subject of the action, would be drawn into controversy and become a triable issue in the case. The plaintiff then filed a petition in error in the district court, alleging these facts and praying for a reversal of the order and judgment of the justice of the peace ousting himself of jurisdiction in the case. On November 19, 1884, the defendants filed the following motion in the district court:

"Come now the defendants in the above-entitled cause, and move the court to dismiss the action for the following reasons, to wit:

"1. The error of the justice of the peace, complained of in the plaintiff's petition in error, is neither a judgment nor a final order.

"2. Error does not lie from the justice of the peace to this court in this case.

"3. The petition in error does not state facts sufficient to give this court jurisdiction.

"4. The petition in error with the record attached to it shows upon its face that this court has no jurisdiction of the subject-matter of the action."

On November 28, 1884, the motion was sustained by the court, and plaintiff was also adjudged to pay all the costs.

The plaintiff brings the case here.

*Kellogg & Sedgwick*, for plaintiff in error.

*Buck & Feighan*, *Scott & Lynn*, and *John V. Sanders*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action commenced under the forcible-entry-and-detainer act, before a justice of the peace. The complaint averred that the plaintiff was the legal and equitable owner and in the actual possession of the premises, and that the defendants, without any authority or right whatever, forcibly entered and by force and violence held and detained the possession thereof from the plaintiff. The answers of defendants alleged that defendant E. B. Peyton was the legal and equitable owner of the property by virtue of a tax deed, a copy of which was attached to the answer, and that the other defendants were tenants of E. B. Peyton and held under him. The answer also, by general denial, traversed the fact of plaintiff's ownership and possession and defendants' unlawful and forcible entry and detainer. Upon these pleadings, without hearing any evidence, and over plaintiff's objection, the justice of the peace refused to hear the case, and summarily made an order upon the oral motion of defendants, certifying the case to the district court, upon the theory that the title to the real estate, the subject of the action, would be drawn into controversy and become a triable issue in the case. The plaintiff then filed her petition in error, alleging these facts and praying for a reversal of the order and judgment of the justice of the peace ousting himself of jurisdiction in the

case. The district court, on motion of defendants, dismissed the petition in error, and rendered judgment for costs against the plaintiff. The plaintiff now complains of this action of the district court, and seeks by this proceeding to reverse the judgment of the district court ousting itself of jurdisdiction. In short, the plaintiff desires to get back into the justice's court, and there introduce her testimony and try her forcible-entry-and-detainer case against the defendants upon its merits.

The principal question presented for our consideration is, whether the action of the justice of the peace in certifying the case to the district court is such a final order that the plaintiff below is entitled to her petition in error in the district court. (Code, §§ 540, 543.) That the order is not a judgment, we suppose will be conceded. No final determination of the rights of the parties in the action was made, nor were any costs adjudged against the plaintiff. To establish that the order of the justice of the peace is final, counsel assert that—

"It determined the action in that court; it prevented a judgment in that court; it affected the substantial rights of plaintiff; it denied to her a speedy trial and a determination of the controversy; it dismissed plaintiff and her case from the court; it relegated her case to another and different tribunal; it subjected her case to the delay and uncertainty of a crowded district court docket; it permitted defendants to take advantage of their own wrong, and keep her out of possession of the premises, at least until the district court should next be in session."

A change of venue of the case from the justice of the peace to the next nearest justice would have affected the substantial rights of the plaintiff nearly to the same extent as certifying the case to the district court; and yet, we agree with counsel Certifying case for defendants, that a change of venue from one to district court; order, justice to another is not a final order. While the not final. order of the justice prevented a judgment before him, it did not determine the action, that is, it did not bring the action to an end; it simply transferred the action to another court, and the action is still pending between the parties for final trial, and judgment upon its merits. In *Palms v.*

*Campo,* 11 Mich. 109, the circuit court granted a party leave to appeal from the probate court. Certiorari was sued out to remove to the supreme court the order of the circuit court allowing the appeal; but it was held that until after adjudication upon the appeal by the circuit court, the proceedings could not be reviewed in the supreme court, and the writ was dismissed.

We are cited by counsel, as authority, to the case of *Insurance Co. v. Dunn,* 20 Ohio St. 175, deciding that the order of the court of common pleas removing the case from that court to the United States circuit court was a final order. There is this difference between that case and this: there, the case was removed to a jurisdiction foreign to the state — the case was removed entirely out of the control of the state; here, the order of the justice simply changed the trial from one to another of the courts of the state. If the district court had disposed of the petition in error upon its merits, and held the order of the justice of the peace erroneous, the plaintiff could not get back into the justice's court and there try her cause. Section 566 of the code provides:

" When the proceedings of a justice of the peace are taken in error to the district court   .   .   .   and the judgment of such justice shall be reversed or set aside, the court shall render judgment of reversal,   .   .   .   and the same shall be retained by the court for trial and final judgment, as in cases of appeal."

It is possible that the order of the justice may give the defendants an undue advantage by delaying the trial, but when the defendants made their motion to remove the cause to the district court, on the ground that the title to real estate was in issue, the plaintiff ought to have applied to the justice for leave to strike out from her complaint all the useless and unnecessary averments concerning the ownership of the property. Perhaps if this had been done the justice would not have certified the case up. It was unnecessary for the plaintiff to state that she was the legal and equitable owner of the premises. It is only necessary for her to allege that she had

the actual and peaceable possession thereof. An action may be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property and entitled to immediate possession, if the plaintiff had at the time of the forcible ouster the actual and peaceable possession thereof. (*Campbell v. Coonradt*, 22 Kas. 704; *Conaway v. Gore*, 27 id. 127; *Burdette v. Corgan*, 27 id. 275; *Buettinger v. Hurley*, ante, p. 585; *Emsley v. Bennett*, 35 Iowa, 15.) If, however, the law is defective, the remedy is with the legislature — not with the courts.

The order and judgment of the district court will be affirmed.

All the Justices concurring.