Whitney v. Brown.

---

W. O. WHITNEY *et ux., as Partners, etc.*, V. NANNIE K. BROWN, *doing business as the Brown Supply Company.*

No. 14,726   (90 Pac. 277.)

SYLLABUS BY THE COURT.

1. FORCIBLE DISPOSSESSION — *Tenant in Peaceable Possession after Expiration of Lease.* The owner or one entitled to the possession of real estate may not forcibly dispossess a tenant who is in peaceable possession after the expiration of the tenancy. Where one, though entitled to the possession, forcibly enters upon the premises during the absence of the tenant and removes the buildings and goods of the tenant, he is liable in an action for all damages occasioned by the unlawful and forcible entry.

2. PRACTICE, SUPREME COURT — *Erroneous Instruction Disregarded by the Jury.* Errors relied upon to reverse a judgment must be prejudicial to the party complaining. Where, from examination of the entire record, it is clear that the jury have disregarded erroneous instructions, and have rendered

substantial justice by their verdict, which is based upon sufficient evidence, and is not affected by the other errors complained of, the judgment will be affirmed.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed May 11, 1907. Affirmed.

*James A. Plotner*, for plaintiffs in error.

*Joseph P. Rossiter*, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: A situation rather anomalous is presented by the record in this case. Plaintiffs in error seek to reverse a judgment recovered against them in the district court by Nannie K. Brown in an action for damages for forcibly taking possession of real estate, and for injury to personal property. While the proceeding in error was pending the parties stipulated that the cause should be reversed and remanded for another trial, and an order of reversal was entered. Afterward, upon request of the judge before whom the case was tried, the order of reversal was recalled and the cause set down for argument. Briefs have been filed and oral arguments made, from which it appears that the result of the trial below was not satisfactory to either party, although defendant in error has filed no cross-petition in error.

The facts, briefly stated, are as follow: In February, 1901, Nannie K. Brown was engaged in the implement and hardware business in Coffeyville, under the style of the Brown Supply Company, and was in possession of certain real estate under a written lease from the Atchison, Topeka & Santa Fe Railway Company, the owner. The real estate consisted of a tract of ground near the right of way of the railway company, upon which Mrs. Brown had erected three frame buildings and had stored therein a stock of farming implements and hardware. The buildings were of a temporary

character. One of them was sixty-five feet square, twelve feet high, and was covered with felt, gravel and tin; another was thirty-two feet by ninety-two feet, and was covered with a shingle roof. All were surrounded by a board fence.

The lease was made in 1896, and contained a provision that it could be terminated by either party on thirty days' notice in writing. On December 24, 1900, the railway company served written notice upon Nannie K. Brown that it would terminate her tenancy on January 25, 1901. No steps were taken by Mrs. Brown to vacate. Thereafter, on February 11, 1901, the railway company made a lease to the W. O. Whitney Lumber & Grain Company, plaintiffs in error. On February 22 plaintiffs in error, claiming the right to the real estate by virtue of the subsequent lease, took forcible possession of the premises in the absence of Nannie K. Brown and her agents, and tore down the buildings and fence surrounding the lots and placed them upon an adjoining tract of land. The farm machinery and implements were also removed and placed on a vacant lot near by.

Mrs. Brown then brought this action to recover damages for the forcible dispossession, and for conversion, alleging in her petition that defendants had converted the buildings and contents to their own use, and asking damages in the sum of $2009 for full value of all the personal property. The W. O. Whitney Lumber & Grain Company, a partnership, filed an answer which admitted the removal of the buildings and machinery, but alleged that it was done in a careful and prudent manner, denied that any of the property had been destroyed or converted, and attempted to justify their acts upon the ground that they were entitled to take possession of the real estate by express authority from the railway company and by virtue of the subsequent lease.

The railway company was made a defendant and

answered separately.  On the trial its demurrer to plaintiff's evidence was sustained.  The jury returned a verdict for $300 against the W. O. Whitney Lumber & Grain Company, plaintiffs in error.

A number of the errors complained of have more or less merit as abstract propositions of law, but in our view of the case are of little imporance.  The court instructed the jury, in substance, that after the service of the notice by the railway company upon Mrs. Brown terminating her tenancy she was entitled to a reasonable time thereafter in which to remove her property, and that if she failed to do so the railway company had the right to remove it or delegate its authority to plaintiffs in error.  The question of reasonable time was not in the case.  Had it been, it was not one for the jury to determine, for it was admitted that after the thirty days mentioned in the notice Mrs. Brown had from January 25 to February 22 to remove her property, which was more than reasonable.

The theory upon which plaintiffs in error made their defense, and upon which is based most of the claims of error, is that a landlord who is entitled to the possession of real estate at the expiration of a lease may take forcible possession of the premises and remove therefrom the personal property of the tenant, provided this can be accomplished without a breach of the peace.  The principal case cited is *Todd v. Jackson,* 26 N. J. Law, 525, decided in 1857, in which it was said:

"Where a tenancy has expired the landlord may take possession of the premises by any means short of personal violence; he may break into a dwelling-house for the purpose; he may remove goods which he finds there; and after obtaining possession he may protect that possession, as well against the tenant who attempts to hold over as against a stranger who intrudes upon his possession." (Syllabus.)

Relying upon this proposition of law, it is insisted that the court erred in overruling the demurrer to the evidence and in refusing a number of instructions re-

quested. While such is undoubtedly the law in some of the states, and the prevailing doctrine of the English courts, it is not the law in Kansas. In *Peyton v. Peyton*, 34 Kan. 624, 9 Pac. 479, it was said:

"An action may be maintained against any person who commits a forcible entry and ouster, even though the latter is the owner of the property and entitled to immediate possession, if the plaintiff had at the time of the forcible ouster the actual and peaceable possession thereof. (*Campbell v. Coonradt*, 22 Kan. 704; *Conaway v. Gore*, 27 Kan. 127; *Burdette v. Corgan*, 27 Kan. 275.)" (Page 629.)

In the opinion in *Wilson v. Campbell, ante,* p. 159, Mr. Chief Justice Johnston said:

"The court rightly told the jury that not even an owner has a right forcibly to take real estate from the peaceable possession of another, no matter how justly he may be entitled to it, and that if Campbell was in the peaceable possession of the premises, and Wilson's men entered the premises when the doors were locked and removed his goods during his absence and against his will, and while his possession continued, it would constitute a forcible entry under the law of this state." (Page 162.)

The court, as observed, gave an instruction that plaintiffs in error had the right to remove the property after the expiration of the thirty days' notice and a reasonable time thereafter, provided it was done in a careful and workmanlike manner. The instruction as worded leaves some doubt whether it was intended to imply the right to use forcible means to accomplish the purpose; but viewed in the light of the evidence, from which it clearly appears that plaintiffs in error used force and even displayed a Winchester rifle when the husband of Mrs. Brown appeared upon the scene and as her agent protested against their acts, it could hardly be taken to mean anything else. The instruction is clearly erroneous. However, plaintiffs in error only complain of so much of it as refers to the question of reasonable notice. The real vice of

the instruction is what plaintiffs in error are contending for, and upon which their defense rests—that the owner of the real estate may forcibly dispossess a tenant after the expiration of the tenancy and not be liable in an action for damages. It is complained of by defendant in error, but without avail, since there is no cross-petition.

The husband of Mrs. Brown was permitted to testify in her behalf as to the value of the buildings, their size and character, and as to the value of the machinery and implements. He was her agent in the conduct of the business, erected the buildings, and purchased the stock of implements. It is insisted that, while under section 4771 of the General Statutes of 1901 he might testify concerning transactions in which he acted as her agent, the things he testified to were not transactions, but opinions based upon knowledge obtained while so acting. It is conceded that if acting as her agent he had bought the buildings, and a controversy arose in which the amount he paid became material, he might testify to what he had paid. The word "transaction," as used in the same statute relating to the admissibility of evidence of transactions or communications with deceased persons, has often received judicial interpretation. (See 8 Words & Phrases Jud. Def. 7062.) In *Thomas Holliday v. John McKinnie*, 22 Fla. 153, it was said to mean every variety of affairs which forms the subject of negotiations or actions between the parties. We have not been cited to any case in which the exact limits of the term as applied to the particular clause of the statute under consideration have been decided. The question is not important, however, for the reason that the record discloses sufficient evidence aside from that of the husband, including admissions of the plaintiffs in error, as to the value and character of the buildings and the damages thereto; and whether the examination was broader

than the statute warrants, which it is not necessary to decide, the result could not have been otherwise.

It is contended that the court erred in other instructions which authorized the jury to allow as damages the full value of all the property if they found it was converted. There was no dispute about the facts in reference to this; but Mrs. Brown, in her petition and upon the trial, proceeded upon the theory that after plaintiffs in error had forcibly taken her property and removed it from the premises she had the right to consider it as theirs, and that she could compel them to take it and recover from them its full value. But she could not, by refusing to take possession of her property left on the adjoining premises, compel a conversion, and her theory as to her damages was therefore wrong. The instructions, in so far as they authorized the jury to allow for the full value of the property, were erroneous. This, however, cannot avail plaintiffs in error, for the reason that it was not prejudicial. The jury made a special finding that after the property was removed plaintiffs in error never exercised or claimed any control or possession over any of it, and by another finding refused to allow any damages for conversion. The verdict of $300 is itemized in the findings as follows: On account of damages to the largest building, $250; damages to the second building, $15; damages to the third building, $20; and to three pieces of farming implements, $15.

The jury therefore appear to have arrived at substantial justice and to have allowed Mrs. Brown the only kind of damages which under the evidence and pleadings she was entitled to recover, and the verdict and findings are supported by sufficient evidence. There is no substantial dispute about any of the facts. There is therefore no occasion for another trial; and as none of the errors is prejudicial to the party complaining, or, in fact, to either party, the judgment is affirmed.