J. H. MERCER, *Appellee*, v. A. L. MORRISON, *Appellant.*

No. 16,697.

### SYLLABUS BY THE COURT.

1. INSTRUCTIONS—*Erroneous Charge Not Acted upon by Jury—Immaterial Error.* An erroneous instruction is not ground for reversal where the amount of recovery shows that the jury did not act upon it.

2. ABSTRACT OF THE RECORD—*Evidence and Verdict.* In preparing an abstract to present the question whether there was evidence to support a verdict the appellant may, and should, omit testimony which is merely repetition,

Appeal from Chase district court. Opinion filed December 10, 1910. Affirmed.

*Frith & Kretsinger,* for the appellant.

*Elmer Johnston, E. B. Johnston, L. B. Kellogg, W. L. Huggins,* and *C. M. Kellogg,* for the appellee.

The opinion of the court was delivered by

MASON, J.: J. H. Mercer sued A. L. Morrison for a commission upon the sale of real estate and recovered a judgment, from which an appeal is taken.

The defendant's principal contention is that the evidence showed conclusively that the sale was not procured or influenced by the plaintiff. There was evidence that the buyer's attention was first called to the land by the plaintiff, who recommended its purchase; that later he was again approached by him, and considered the proposition more favorably all the time,

and at the time he met the owner "felt pretty favorably of buying the place." However, he did not see the land until he met the owner, who showed it to him, and the sale was completed without any further action on the part of the plaintiff, and without any reference being made to his connection with the transaction. The buyer testified that if he had not met the owner when he did the matter might have dropped from his mind. Under this evidence it was a fair question for the jury whether the sale resulted from the plaintiff's efforts or from the independent action of the owner after the first negotiations had been abandoned. The verdict must therefore be deemed conclusive on this point.

The plaintiff testified to an agreement that he should receive $1000 if he made a sale for $22,000. The defendant said that he had promised a commission of $1000 only in case he received $25,000. The court instructed the jury in substance that if they accepted the defendant's version of the contract they might return a verdict for the plaintiff for four per cent of $22,000, which was the actual selling price. This instruction is complained of upon the ground that a promise to pay $1000 on a sale for $25,000 does not imply an agreement to pay a like percentage of the selling price if a buyer is accepted at a lower figure. Granting this, it does not follow that the judgment should be reversed. The verdict was for $1000, which conclusively shows that the jury took the plaintiff's view of the contract. If they had followed the defendant's testimony they would necessarily, under this instruction, have placed the amount of recovery at $880. An erroneous instruction is not ground of reversal where it is clear that the jury did not act upon it. (*C. K. & W. Rld. Co. v. Parsons*, 51 Kan. 408; *Whitney v. Brown*, 75 Kan. 678; 4 Enc. L. & P. 503.) Usually where this principle has been applied the fact of nonprejudice has been shown by a special finding, but the general verdict may be equally effective for the pur-

Knights of Pythias v. Ferrell.

pose where, as in this instance, the sum allowed shows how the jury resolved a controversy in the evidence, and amounts to a special finding on the subject.

The appellee has filed a counter abstract. We find, however, that the appellant's abstract sets out, in a properly condensed form, all the matters necessary for the determination of the questions presented. Some testimony was omitted, but so far as otherwise important it was merely repetition, and therefore could not aid in deciding whether there was any evidence to support the verdict. Not all of the charge to the jury was printed, but so much of it as related to the questions here at issue was set out in full.

The judgment is affirmed, but costs will not be allowed for printing the counter abstract.