## BURCHFIELD v. HOME BENEFIT ASS'N.
### No. 1520.

Court of Civil Appeals of Texas. Waco.
June 20, 1934.

Rehearing Denied July 12, 1934.

E. B. Burleson and Jos. W. Hale, both of Waco, for appellant.

Oltorf & Oltorf, of Marlin, and Richey & Sheehy, of Waco, for appellee.

ALEXANDER, Justice.

In 1928, Emmett Lee Burchfield carried a life insurance policy issued by the Home Benefit Association, a local mutual aid association. During the fall of that year said policy was allowed to lapse for failure to pay a death assessment. On October 11, 1932, the insured made a formal written application to the association for the renewal of his policy, and paid to an agent of the association the required renewal fee of $2.50. On October 22, 1932, while said application for renewal was pending and before same had been acted on by the association, the insured died as the result of injuries received in an automobile accident. Mrs. Burchfield, the beneficiary named in said policy, brought suit to recover thereon. At the conclusion of the evidence the trial court gave an instructed verdict for the defendant. Plaintiff appealed.

■ Appellant's first contention is that the evidence failed to establish that the original policy issued in 1928 lapsed for failure to pay assessments, and hence she was entitled to recover on said original policy. The record establishes, however, that in Mrs. Burchfield's petition upon which she went to trial, it was alleged specifically and unconditionally that the original certificate or policy lapsed for the failure to pay assessments. Since the plaintiff alleged this fact, it was not necessary for the defendant to prove same. Texas Employers Ins. Ass'n. v. Arnold (Tex. Civ. App.) 57 S.W.(2d) 954, par. 7, and cases there cited; Lafield v. Maryland Casualty Co., 119 Tex. 466, 33 S.W.(2d) 187, par. 2.

The by-laws of the association, which were by reference made a part of the original policy, provided for renewal in the event of lapsation in the following language: "Reinstatement of any member suspended in accordance with the terms of his certificate or membership may be permitted under the following conditions. He must satisfy the Medical Director or Secretary that his health is good and his attained age must conform to the age limit allowed for reinstatement in that particular class. * * * He must also pay such reinstatement fee as may be decided on by the officers of the Association, such reinstatement fee shall be treated as the joining fee of a new member. The reinstatement shall not be effective until the Secretary officially notifies the member through the United States mail that the reinstatement has been granted. The member thus reinstated shall in every respect assume the status of a new member, and neither the reinstated member or his beneficiary shall have any claim to any rights, privileges or benefits by virtue of his previous active membership. * * * The final authority to accept or reject an applicant for membership or reinstatement is vested in the Secretary." On October 11, 1932, the insured signed an application for renewal of his certificate, which application contained the following language: "I hereby acknowledge that my policy or policies is or are now null and void, having lapsed for non-payment of assessments or dues; hence, it is expressly understood by me that no liability is assumed by Home Benefit Association unless and until, I am officially informed through the United States mail of the reinstatement by the home office, and that my reinstated membership from the date of said reinstatement will only be accorded such status as to rights, benefits and privileges as would belong to me or my beneficiary if my membership certificate bore the reinstatement date." At the same time, the insured paid the required renewal fee of $2.50 and received a receipt therefor, which provided, in part, that if the application should be rejected the renewal fee would be returned to him. There was evidence to the effect that the insured was in good health at the time he made application for renewal of his certificate, and that he remained so until October 21, 1932, when he received the injuries which resulted in his death the following day. His age conformed to the age limit allowed for reinstatement in the class in question. The application for reinstatement was never acted on nor granted by the association, and hence notice of reinstatement was never sent to the applicant through the mails or otherwise.

The appellant contends that Emmett Lee Burchfield, under the association's by-laws as above referred to, had the vested contract right to be reinstated at any time upon his request, provided he was in good health, was within the required age limit, and paid the necessary reinstatement fee, and since under the undisputed evidence he satisfied each of these three requirements he thereby automatically became reinstated and it was unnecessary as a condition precedent to his reinstatement that the secretary of the association actually accept the application for reinstatement or officially notify him thereof through the United States mail, as provided for in said by-laws.

■■ There is a very well-established rule that where a lapsed policy contains provisions authorizing the insured to renew same upon his furnishing proof satisfactory to the insurer that he is in good health and upon his performing other specified conditions, and the insured, after the lapse of his policy, makes the necessary application for reinstatement and meets the other requirements of the policy and is actually in good health at the time of the making of the application for reinstatement, and there then exists no valid objection to the form or substance of such application, his policy thereby in effect becomes automatically reinstated, and his beneficiary is entitled to recover under said policy in the event of his death from causes arising subsequent to the filing of said application for reinstatement, even though said application was never acted upon nor accepted by the insurer prior to the death of the applicant. See, in this connection, Prudential Ins. Co. v. Union Trust Co., 56 Ind. App. 418, 105 N. E. 505; Muckler v. Guarantee Fund Life Ass'n, 50 S. D. 140, 208 N. W. 787; Leonard v. Prudential Ins. Co., 128 Wis. 348, 107 N. W. 646, 116 Am. St. Rep. 50; Hinchcliffe v. Minnesota Commercial Men's Ass'n, 142 Minn. 204, 171 N. W. 776. We are of the opinion, however, that the above rule has no application to the facts here under consideration. Here the applicant for reinstatement was not required to pay all arrears of premiums or assessments in order to be reinstated, with the consequent restoration of his original status as a member of the association, as is usually the case where provision is made for the reinstatement of a lapsed policy. He was only required to pay a nominal reinstatement fee of $2.50. His status upon reinstatement was to be that of a new member, and he was expressly denied all rights and privileges acquired under his previous membership. The by-laws of the association, which contained the insurer's offer of reinstatement, vested in the secretary the final authority for accepting or rejecting an application for reinstatement, and provided that reinstatement should not become effective until the secretary of the association officially notified the applicant through the mail that reinstatement had been granted. The application for reinstatement as signed by the insured stipulated that no liability was to be assumed by the association unless and until the applicant was officially informed through the mail of his reinstatement. Clearly parties have a right to provide that there shall be no liability after reinstatement until a certain date or the happening of a particular event, or until the lapse of certain time after such date or event, and in such case there is no liability in the event of death prior to the date, or the happening of the event, so stipulated. American National Ins. Co. v. Gallimore (Tex. Civ. App.) 166 S. W. 17; American National Ins. Co. v. Otis, 122 Ark. 219, 183 S. W. 183, L. R. A. 1916E, 875; Denton v. Provident Life & Accident Ins. Co., 238 Ky. 26, 36 S.W.(2d) 657. For a like reason it would appear that parties have a right to specify how the acceptance of an application for reinstatement shall be evidenced, and to stipulate that it shall not become effective until the happening of a given event, and where the offer or promise for reinstatement so provides, and there is no evidence of waiver of such a provision, the proposed contract for reinstatement of the policy does not become effective until the happening of such event. Restatement, Contracts, § 61; Kansas City Life Ins. Co. v. Phillips, 31 Ariz. 122, 250 P. 882. Since under the undisputed evidence the application for reinstatement was never acted upon nor accepted by the association and no notice of any such acceptance was sent through the mail or otherwise given to the applicant, the policy of insurance never became reinstated, and there was no liability on the association.

■ The appellant further contends that the association arbitrarily delayed acting on the application for reinstatement for an unreasonable time, and that the act of the association in receiving the application for reinstatement, together with the renewal fee, and in so failing to make the required investigation and to act upon the same within a reasonable time, amounted to a recognition of the continued existence of the original certificate and the association's liability thereon, and that the association was thereby estopped from denying liability on the original certificate. The mere fact that the association received the application for reinstatement, together with the required renewal fee, constituted no evidence of a recognition of liability on the original certificate. The application for reinstatement signed by the insured and hereinabove quoted expressly stipulated to the contrary. The evidence failed to raise an issue as to unreasonable or arbitrary delay in investigating and reporting on the application for reinstatement. This contention is therefore overruled.

The judgment of the trial court is affirmed.