## TEXAS PRUDENTIAL INS. CO. v. WILEY.

No. 2702.

Court of Civil Appeals of Texas. Beaumont. March 28, 1935.

Rehearing Denied April 3, 1935.

Orgain, Carroll & Bell and Ewell Strong, all of Beaumont, for appellant.

C. W. Wiedemann, of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the county court at law of Jefferson county to recover on an insurance policy in the sum of $300. She al-

leged that appellant issued a policy of life insurance to Fred Mays, a son of appellee, in which she was named the beneficiary; that Fred Mays died on December 18, 1930; that at said date all premiums on said policy had been duly paid, and that said policy was in full force and effect; that proof of loss was duly made, and demand made for payment, which was refused; that said demand was made more than thirty days before the filing of the suit. She prayed judgment for the face of the policy, 12 per cent. of the amount of the policy as penalty, and attorney's fee in the sum of $150, which was alleged to be reasonable.

Appellant answered by general demurrer, general denial, and specially that about February 25, 1929, the policy lapsed because of nonpayment of premiums, and so remained until about November 24, 1930, when said policy was revived subject to the provisions in the policy relative to reviving or reinstating same. That said policy contained the following provision: "If this policy be lapsed for non-payment of premiums it can be revived or reinstated only after evidence of the insurability of the insured, satisfactory to the Company has been furnished—the policy and the Receipt Book properly endorsed at the Home Office by an officer and due payment of all arrears have been made, provided no claim whose cause had its beginning prior to 5 weeks after date of the last reinstatement can ever accrue under this insurance."

That on November 24, 1930, in compliance with an application made by the insured, Fred Mays, said insurance policy was reinstated, and thereafter on December 18, 1930, Fred Mays, insured, died from gunshot wounds inflicted by an assassin, such death being within five weeks after said reinstatement of said lapsed policy, wherefore, under the express terms of the policy, no liability existed against it, and no recovery could be had.

To this answer appellee replied that the policy, although it had lapsed for the nonpayment of dues, was, on November 24, 1930, fully reinstated, without reservation, and therefore was in full force and effect from its date, May 9, 1927, more than two years from its date of issuance, and until the death of the insured, for in that said policy contained the following provision: "This policy and application is entire agreement between the company, the insured, and the holder and owner hereof, and is incontestable after 2 years from date of issuance except for nonpayment of premium. Its terms can not be changed or its condition varied, except by a written agreement signed by the President, a Vice President or a Secretary of the company. Therefore agents (which term includes Inspectors, Superintendents, Assistant Superintendents and Cashiers) are not authorized to make, alter or discharge contracts, or waive forfeitures. This policy shall be void if assigned or otherwise parted with, or if any erasures or alteration be made herein, except by endorsement signed by the President, a Vice President or a Secretary.".

That at the time of the death of Fred Mays, the insured, said above-quoted provision of the policy (incontestable provision) rendered nugatory and of no force the provision in the policy pleaded by appellant relative to reinstating a lapsed policy, referred to and pleaded as the five weeks' clause. That appellant was barred by the incontestable provision of the policy from contesting its liability under and by virtue of said five weeks' clause, as said liability under the policy could be contested only for nonpayment of dues.

The case was tried to the court upon an agreed statement of facts, and judgment rendered in favor of appellee for $277.25 principal, with 6 per cent. interest thereon from and after December 18, 1930, and $33.27, being 12 per cent. of said sum as penalty, and $75 attorney's fee. This appeal is from that judgment.

The court filed his findings of fact which are in accord with (in fact a copy of) the agreed statement filed by the parties. He found that on May 9, 1927, appellant issued its policy of insurance on the life of Fred Mays in the sum of $300, naming his mother, Sallie Wiley, appellee, as beneficiary; that all premiums on said policy were paid and the policy was in full force and effect up to, but not including, February 25, 1929, when said policy lapsed for nonpayment of premiums; that it so remained until November 24, 1930, when, upon written application of Fred Mays, the insured, it was revived, subject to the provisions therein contained; that Fred Mays died on December 18, 1930, from gunshot wounds inflicted by an assassin on December 1, 1930, said death occurring within five weeks after said policy was revived on November 24, 1930; that at the time of insured's death all premiums had been paid; that due proof of death was made; that there was a lien in favor of the insurance company against the principal sum of the policy in the sum of $22.75, given by insured for securing the payment of premiums that were in default on November 24, 1930, when the policy was reinstated; that, when the policy was revived, the premium rate remained the same

as before it lapsed, but that, based upon the age of Fred Mays, the insured, it would have been higher than was charged after the date of revival; that by reviving the policy the cash value provisions were continued in full force as if the policy had at all times been in force from the date of its original issuance; that, after the death of the insured, appellant tendered to appellee the sum of $1.-25, same being the amount insured had paid in premiums after the policy was revived on November 24, 1930.

We think the above is sufficient statement of the facts found.

The court concluded as a matter of law, and based his judgment thereon, that subdivision 3 of article 4732, R. S. 1925 (incontestable clause), rendered nugatory the provision in the policy relating to reviving policies lapsed for nonpayment of premiums, reading: "If this policy be lapsed for nonpayment of premiums, it can be revived or reinstated only after evidence of the insurability of the Insured, satisfactory to the Company, has been properly endorsed at the Home Office by an officer and due payment of all arrears have been made, provided no claim whose cause had its beginning prior to 5 weeks after date of the last reinstatement can. ever accrue under this insurance," and that such five weeks' clause afforded no defense to an action for recovery of insurance under such policy.

Appellant assigns error against this holding, insisting that article 4732, subd. 3, does not render nugatory and void the five weeks' clause of the policy, but that said clause is not inhibited by said statute, and, being a lawful contract between the insured and insurer, is capable of full enforcement, whereby, under the undisputed evidence, no liability against it appears.

Appellee challenges this assignment and insists that subdivision 3 of article 4732 inhibits the inclusion of the provision of the five weeks' clause in the policy, and renders same of no effect.

It is seen that the only question urged is the validity of the provision in the policy that, if the policy be lapsed for nonpayment of premiums and is revived, no claim the cause of which originated within five weeks after the last reinstatement could ever accrue under the policy.

Appellant strongly contends that it is not contesting the policy or its validity, but, to the contrary, is squarely standing upon the policy, asserting its validity, and contending for the enforcement of its terms. Appellee

in her brief admits, and upon oral submission admitted, that, if the five weeks' clause is lawful, she has no cause of action.

We do not believe that the five weeks' clause is in contravention of subdivision 3 of article 4732, referred to as the incontestable provision. It provides: "3. That the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for non-payment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

While we have not been able to find any Texas decision where the validity of the five weeks' provision was directly assailed, yet there are decisions which we think indicate that it is valid. Appellant is not seeking for any cause to nullify the efficacy of the policy as originally contracted, but is insisting that the very terms of the policy knowingly contracted should be enforced. As we view it, the question is not one of contesting the policy, but one of enforcing it according to its specific provisions.

The case of American National Ins. Co. v. Gallimore (Tex. Civ. App.) 166 S. W. 17, 19, is very similar to the instant case. There the policy was a life policy, and contained a reinstatement clause with provision that, if the insured died from any cause within five weeks after reinstatement of the policy, no liability could accrue. The court held that under the facts no reinstatement of the policy was shown, but further said: "The insured died on May 12th, less than five weeks after the April payment referred to in the charge. According to the terms of the policy, there was no liability if death occurred within that time, *even if the policy had been officially revived.*" (Italics ours.)

This holding was approved in Burchfield v. Home Benefit Ass'n (Tex. Civ. App.) 73 S. W.(2d) 559, 561, where it is said: "Clearly parties have a right to provide that there shall be no liability after reinstatement until a certain date or the happening of a particular event, or until the lapse of certain time after such date or event, and in such case there is no liability in the event of death prior to the date, or the happening of the event, so stipulated."

Judgment in the trial court was for the defendant company. This was affirmed by the Court of Civil Appeals. Writ of error was denied by the Supreme Court.

In Business Men's Accident Ass'n v. Arrington (Tex. Civ. App.) 7 S.W.(2d) 157, 158, a similar provision in the policy was involved. Recovery was sought under a health and accident policy which contained a provision that the policy might be reinstated "only to cover accidental injuries thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance" of reinstatement. In denying recovery for sickness beginning less than ten days after reinstatement of the policy, the court said: "According to his [assured's] testimony, his sickness began on October 15, within less than 10 days after he was reinstated. Hence, according to the terms of the policy, he was not entitled to recover sick benefits."

The right of parties to a contract of insurance to include provisions like the one involved in the instant case is well settled in other jurisdictions. In American Nat. Ins. Co. v. Otis, 122 Ark. 219, 183 S. W. 183, 184, L. R. A. 1916E, 875, a case on all fours with the instant case, the court had under consideration this provision: "That in case death occurs from any cause whatever within 5 weeks from the date of such reinstatement, the company shall not be liable to any extent whatever on account of such death." The validity of this provision was attacked directly on the ground that it contravened public policy. In overruling this contention, the court said: "We know of no ground of public policy which forbids an insurance company from including the above as one of the conditions upon which its policy holders who are 'out of benefit'—i. e., who have been suspended for nonpayment of premium—may be reinstated, nor is there any ground of public policy forbidding the policy holder from accepting the renewal of the policy and reinstatement upon these conditions. In the absence of some statute or some well-recognized ground of public policy forbidding such conditions, the parties have a right to make them and are bound by them. See Conway v. Minn. Mut. Life Ins. Co., 62 Wash. 49, 112 P. 1106, 40 L. R. A. (N. S.) 148."

The court further said:

"Inasmuch as the undisputed evidence shows that Alberta Rogers, the insured, died within 5 weeks from the date of the reinstatement of her policy, under the express terms of such policy the appellant is not liable, and the court therefore erred in directing a verdict in favor of appellee.

"For this error the judgment is reversed, and the cause dismissed."

In Denton v. Provident Life & Accident Ins. Co., 238 Ky. 26, 36 S.W.(2d) 657, 658, the policy contained a provision that, if the policy lapsed for nonpayment of premiums, the company would reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as might begin ten days after reinstatement. The insured sought to recover for sickness which began within ten days after reinstatement. In denying recovery, the court, among other things, said: "The policy which he had in his possession by its express terms informed him that the subsequent acceptance of a premium by the company after a default on payment would reinstate the policy, but only to cover such sickness as might begin more than 10 days after the date of such acceptance. * * * The condition upon which the policy was reinstated was that it should not cover any illness which began less than 10 days after the acceptance of the premium [reinstating the policy], and as appellant's illness began within that time, it was not included within the indemnity provided for by the policy. See American Nat. Ins. Co. v. Otis, 122 Ark. 219, 183 S. W. 183, L. R. A. 1916E, 875."

In 24 Tex. Jur. p. 738, § 51, the rule is stated: "And a life policy may validly stipulate that the risk shall not reattach until a certain time subsequent to reinstatement following a lapse, in which case no recovery can be had in the event of death during such period, absent waiver."

In 4 Cooley, Briefs on Insurance (2d Ed.) p. 3777, § B, under title "Reinstatement," the general rule is thus stated: "The right to reinstate depends upon the provisions of the contract, and since the right is not absolute, the insurer may impose such conditions as it sees fit, if not contrary to public policy, on which reinstatement may be had."

In 37 C. J. § 47, p. 384, under title "Life Insurance," is found this statement: "* * * And a clause relating to reinstatement, that the company will not be liable for death occurring from any cause within a specified number of weeks from the date of reinstatement is not contrary to public policy."

The policy and application comprise the entire contract. The policy, as originally issued, contained the reinstatement—five weeks' clause. It was a part of the contract. It is well settled that an insurance contract must be construed, like all other contracts, in accordance with its plain terms, and effect must be given to all of its provisions, where

that may be done without doing violence to the ordinary rules of law or construction. Here the five weeks' clause being a part of the contract, and not forbidden by law or against public policy, it must be given effect.

But appellee insists that this clause of the policy is in contravention of subdivision 3 of article 4732, R. S., and, if given effect, permits appellant to contest the validity of the policy after two years·from its date, which may not be done. We think the contention without force. As before stated, appellant is not contesting the validity of the policy— not seeking to abrogate or void it—but, as reiterated in its brief, is asserting its validity, and insisting upon the enforcement of its terms, among which is the five weeks' clause, which it presents as a defense against appellee's asserted cause of action. This conclusion has support in Howard v. Missouri State Life Ins. Co. (Tex. Civ. App.) 289 S. W. 114, 115. In that case the policy contained a provision making it incontestable after one year from its date. It also contained this provision: "In case of death by self-destruction, sane or insane, within one year from date of issue, the liability of the company shall be limited to an amount equal to the premiums paid hereon." The policies (three of them) were issued on February 25, 1920. On November 6, 1920, less than nine months after the policies were issued, Howard, the insured, committed suicide. Proof of death was duly made, and demand for payment of the policies was made February 23, 1921. The company refused the demand for payment, but tendered the beneficiary the amount of the year's premium, which was refused, and suit brought for the amount of the policies, damages, and attorney's fees. Judgment was for the company, on its tender, and the case appealed. The San Antonio Court of Civil Appeals affirmed the judgment, and the Supreme Court refused a writ of error. It was contended by the appellant that the provision that the policy was incontestable after one year applied to the defense of suicide. But there, as here, the defense was not of the invalidity of the policy, but the insurer stood upon the contract as written, sought to uphold the contract and not to defeat it—was not contesting it. The court, in so holding, said:

"From a reading of the whole contract now before us, it becomes obvious that it was the intention of the parties, clearly expressed, that after the lapse of the first year the insurer is prohibited from contesting the validity of the policy, from abrogating it, from avoiding it, from escaping the liability fixed by its terms upon the insurer; that after the lapse of that period the insurer will be bound by its terms against every defense. And if in this case the insurer had undertaken, after the lapse of one year, to defeat the full liability prescribed in the policy because of some fraud by which the insured obtained the issuance of the policy, then undoubtedly, such defense would have fallen before the incontestability clause, and the contract would have been enforced as written. But such is not the defense now urged by the insurer. On the contrary, the insurer is standing upon the letter and spirit of the contract as written; is seeking to uphold, and not defeat, the contract, the validity of which both parties are seeking to maintain. In short, the insurer is not 'contesting' the policy at all, but is asserting its validity in both form and substance, and the provision of incontestability is inapplicable. Stean v. Ins. Co., 24 N. M. 346, 171 P. 786; Childress v. [Fraternal Union] Ins. Co., 113 Tenn. 252, 82 S. W. [832] 833, 3 Ann. Cas. 236."

We deem it unnecessary to cite other authorities so holding. It seems clear to us that there is an obvious distinction between contesting the validity of an insurance policy and invoking a clause in the policy in defense of liability when the existence of the policy has been established. The five weeks' clause was not one that entered into the original validity of the contract, but one that defeats the right to recover under certain circumstances. The incontestable clause has no reference to the five weeks' clause, and the latter is in no wise affected by the former. Childress v. Fraternal Union, 113 Tenn. 252, 82 S. W. 832, 833, 3 Ann. Cas. 236 (citing numerous authorities).

Other propositions are presented, but, as we have discussed and decided the only proposition admitted by the parties to be necessary to a determination of the case, we pretermit any discussion of the others. From what we have said, it follows that the judgment of the trial court should be reversed and here rendered for appellant, and it is so ordered.

Reversed and rendered.